MacDONALD-KAITCHUCK PRINTING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 279.   Decided September 24, 1926.

*William T. Church, Esq.*, for the petitioner.
*L. C. Mitchell, Esq.*, for the respondent.

This proceeding involves deficiencies of $2,128.68 for 1918, $4,449.28 for 1919, $1,009.32 for 1920, and $15,056.18 for 1921. The questions are, (1) the proper allowance for the exhaustion, wear and tear of machinery, tools, and equipment, (2) the deductibility of

1920 and 1921 Cook County personal property taxes, (3) loss for 1920 and 1921 on the sale of automobiles and machinery, (4) the amount deductible for 1919 for compensation of officers, (5) the extent to which income for 1918 and 1919 should have been increased on account of amounts expended for Liberty bonds, (6) whether the deficiency for 1918 should be reduced in the amount of $48, alleged to have been the tax paid on the original return for that year, (7) the propriety of a claimed deduction of worthless accounts, and (8) the amount of commission paid or incurred for 1921.

### FINDINGS OF FACT.

Petitioner is a corporation engaged in job printing in Chicago, Ill. From 1915 to 1918, it carried on operations in a small way. In 1918, V. R. MacDonald and Wm. Kaitchuck, being the owners of the entire capital stock, with the exception of qualifying shares, began a systematic effort to increase the sales of the company. Regular solicitors were employed to secure commercial printing and the two stockholders, together with their friends, solicited printing from city, county and state political campaign committees, clubs and other political organizations, and from various city, county, and state officers, boards and commissions.

The regular solicitors were paid a commission of 10 per cent and the petitioner made it known to persons who were in a position to obtain orders for it from the above mentioned sources that it would pay to them its regular commission of 10 per cent on all orders secured, with the result that commissions were paid, totaling $2,457.90 for 1920, and $19,223.66 for 1921. The Commissioner declined to allow the deduction of any portion of the 1920 commissions, and of the $19,223.66 paid or incurred in 1921 he allowed only $6,938.41.

The petitioner's gross sales and pay roll for the taxable years were as follows:

| | Gross sales | | Pay roll |
|---|---|---|---|
| 1918 | $56,705.29 | 1918 | $21,660.21 |
| 1919 | 112,953.61 | 1919 | 31,349.74 |
| 1920 | 173,365.18 | 1920 | 48,480.39 |
| 1921 | 222,480.60 | 1921 | 50,441.25 |

As a result of the increased volume of business, petitioner's machinery, metal and type were subjected to greater wear and tear. During 1918 and 1919, the plant was operated the usual 8 hours a day, but during 1920 and 1921 it was operated 22 hours and 24 hours a day, respectively.

The petitioner claims that the deduction for exhaustion, wear and tear for 1918 and 1919 should have been computed at the rate of 10 per cent on machinery, 33⅓ per cent on type and metal and 10 per cent on tools and furniture, and for 1920 and 1921 at the rate of 20 per cent on machinery, 33⅓ per cent on type and metal and 10 per

cent on tools and furniture. The Commissioner computed the deduction for 1918 on all of the equipment at the rate of 10 per cent and for 1920 and 1921 at the rate of 15 per cent.

In August, 1920, MacDonald and Kaitchuck turned over to petitioner two Essex automobiles owned by them, which it immediately exchanged for two new Marmon cars. The unextinguished cost to MacDonald and Kaitchuck of the first mentioned cars in August, 1920, was $5,359.06. The petitioner was given credit for them on the new cars of $1,363.75 and $1,513.75, respectively, or a total credit of $2,877.50. The cost of the two Marmon automobiles was $5,250 and $5,677.50, as follows—

| | |
|---|---:|
| First car ; credit on Essex | $1, 363. 75 |
| Cash | 3, 886. 25 |
| Total | 5, 250. 00 |
| Second car ; credit on Essex | 1, 513. 75 |
| Cash | 4, 163. 75 |
| Total | 5, 677. 50 |

In September, 1921, petitioner sold the two Marmon automobiles at a loss of $4,008.95. In addition to the loss on the sale of the automobiles, the petitioner suffered a loss in 1921 of $8.95 on the sale of an item of machinery.

State, county, and city personal property taxes were assessed against the petitioner for 1920 and 1921, amounting to $727.65 and $1,771.20, respectively, which became due and payable in December of the years for which assessed. The Commissioner denied the petitioner's claim for deduction of these taxes in 1920 and 1921.

On or about March 15, 1919, petitioner filed a tentative income and profits-tax return and paid a tax of $48. On June 16, 1919, it filed a complete return, showing no further tax due. In determining the deficiency for 1918 here involved, the Commissioner failed to give petitioner credit for the amount theretofore paid.

Prior to 1919, the salary of each of the two officers was fixed at $2,600 per annum. During 1919, the corporation increased the annual compensation of these two officers to $3,600 each, and that amount was entered upon the books of account. The Commissioner allowed a deduction for 1919 of only $5,200 for officers' compensation.

During 1918, petitioner expended $1,085 for Liberty bonds and during the same year received $717 from its employees for certain of these bonds. Likewise, in 1919 it expended $1,260 for similar bonds and during the same year received $128 from its employees for certain of these bonds purchased by them. In computing the income for 1918 and 1919, the Commissioner increased the same in the amounts of $1,085 and $1,260, respectively, failing thereby to make due allowance for amounts received by petitioner from employees for certain of the bonds sold to them, which it properly entered upon its books.

During 1921, petitioner had upon its books, certain accounts receivable for printing in that and prior years. During that year, the following amounts were long past due and every effort had been made to collect them without result.

| | |
|---|---:|
| Association Court | $17.50 |
| Automotive Mfg. & Sales Co | 61.75 |
| Bob Allen | 140.25 |
| Chicago Law Enforcement League | 36.50 |
| Chicago Training School | 154.75 |
| The Collegiate World Pub. Co | 105.00 |
| E. E. Davis & Co | 28.25 |
| Fisher and Hightower | 765.91 |
| Dr. E. V. Hill | 138.00 |
| Harry B. Miller | 40.00 |
| Mayor's Office | 663.50 |
| Mr. Carlson | 35.25 |
| Wm. H. Wesbey | 75.00 |
| Chas. R. Francis | 40.00 |
| Walter Allen | 62.75 |
| Metro Athletic Club | 14.50 |
| Howard S. Cartwright | 7.50 |
| Sol Bernstein | 2.00 |
| National Court G. of L | 360.00 |
| Real Estate News Co | 84.00 |
| State Court G. of L | 17.50 |
| Wm. H. Thompson Republican Club | 819.45 |
| E. O. Todd | 6.50 |
| E. C. Triggs | 33.50 |
| Visor Sales Co | 101.75 |
| Women's Betterment Assn | 8,512.01 |
| | 12,323.12 |

Throughout the year 1921, petitioner used every means known to it, except instituting suit, to secure payment of the accounts. Personal visits were made by the officers of the company, letters were written, and finally those of the accounts as to which the officers thought there might be the slightest possibility of collecting were placed in the hands of attorneys. The attorneys returned these accounts with the advice that they were worthless and uncollectible by suit or otherwise.

During the year 1921, petitioner entered upon its books a reserve of $12,000 for doubtful accounts, and on December 31 credited this reserve with a like amount. In making its return for 1921, it claimed a deduction of $12,000 for worthless accounts. The Commissioner denied this deduction.

### OPINION.

LITTLETON: The issues involved in this proceeding are all substantially questions of fact. We are of the opinion from the entire

record that the petitioner has sustained the burden of proof and has thereby established its right to all of the deductions claimed, with the exception of the loss upon the exchange of the Essex automobiles for new ones in 1920. Accordingly, in computing the deficiencies for 1918, petitioner should be allowed a deduction for exhaustion, wear and tear of machinery at 10 per cent, type and metal at 33⅓ per cent, tools and furniture at 10 per cent; the income determined by the Commissioner should be decreased in the amount of $717 received from employees for Liberty bonds. The deficiency as finally determined should be reduced by the amount of $48 paid upon the return filed for that year.

The deficiency for 1919 should be computed by allowing a deduction for exhaustion, wear and tear of machinery at 10 per cent, type and metal at 33⅓ per cent, tools and furniture at 10 per cent. A deduction of $7,200 should be allowed as compensation of officers, and the income should be reduced in the amount of $128 received from employees for Liberty bonds.

The deficiency for 1920 should be computed by allowing a deduction for exhaustion, wear and tear of machinery at 20 per cent, type and metal at 33⅓ per cent, tools and furniture at 10 per cent. Further, commissions of $2,457.90 should be allowed as deductions in that year. In 1920, MacDonald and Kaitchuck each owned an Essex automobile. In August of that year they turned these automobiles in to the corporation, and it exchanged them for two new automobiles, the difference between the exchange value and the cost of the new cars being paid by the corporation. The petitioner claims a loss on the Essex cars of $2,481.56, being the difference between the unextinguished cost to MacDonald and Kaitchuck and the credit received upon the exchange. Petitioner paid nothing for the Essex cars and it is not entitled to deduct as a loss the difference between the depreciated cost and the credit obtained upon them.

The evidence shows that in 1920 Cook County personal property taxes for that year amounting to $717 were assessed and became due in December of the same year. The amount should be allowed as a deduction from gross income for 1920.

The deficiency for 1921 should be computed by allowing a deduction for exhaustion, wear and tear, computed at the rates mentioned above for 1920.

The evidence shows that the reserve of $12,000 for 1921 for doubtful accounts was reasonable and should be allowed. The evidence further shows that commissions totaling $19,223.36 were paid or incurred and that they were legitimate business expenses. The Commissioner allowed a deduction of only $6,938.41 on this account. The petitioner is therefore entitled to a further deduction of $12,-285.25.

In 1921 petitioner sold the two Marmon automobiles acquired in 1920, at a loss of $4,008.95, and the income for that year should be reduced accordingly. It further appears that certain machinery was sold in 1921 at a loss of $8.95. The Cook County personal property taxes, amounting to $1,771.20, for 1921, constituted a proper deduction for that year. The petitioner kept its books and rendered its returns upon the accrual basis.

> *Order of redetermination will be entered on 15 days' notice, under Rule 50.*